IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA CAGNETTI : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 18-5121 |
| JUNIPER VILLAGE AT BENSALEM : | |
| OPERATIONS, : | |
|   dba JUNIPER COMMUNITIES : | |

## **MEMORANDUM**

**SURRICK, J.**                                                                                                                   **JULY 24, 2020**

      Presently before the Court is Plaintiff Jessica Cagnetti's Motion *in Limine* Seeking to Prohibit Defendant Juniper Village from Presenting Prejudicial and Improper Character Evidence. (ECF No. 41.) For the following reasons, Plaintiff's Motion will be denied.

      On July 17, 2019, Plaintiff filed an Amended Complaint in this employment discrimination lawsuit, alleging various claims for retaliation, wrongful termination, unequal pay, and hostile work environment, in violation of Title VII, the Pennsylvania Human Relations Act, the Equal Pay Act, and the Americans with Disabilities Act. (Am. Compl., ECF No. 26.) On July 17, 2020, we issued a Memorandum and Order granting in part and denying in part Juniper Village's Motion for Summary Judgment and permitting Plaintiff's sex-based hostile work environment and wage disparity claims to proceed to trial. (ECF Nos. 53 & 54.)

      During discovery, Plaintiff's coworker, Joseph Cillo, testified at his deposition that he heard Plaintiff use the n-word to refer to her supervisor and another coworker (the "Racial Slur"). Plaintiff denies that she ever made the Racial Slur. She also points out that Cillo does not recall when she made the alleged Racial Slur and that Cillo never reported Plaintiff's use of the Racial

Slur to their employer, Juniper Village.  Plaintiff seeks to exclude evidence relating to her alleged use of the Racial Slur as "highly prejudicial, not probative, and improper character evidence" under Federal Rules of Evidence 401, 402, 403, and 404(b).  (*See* Pl. Br. 3-6, ECF No. 41.)

We begin with a brief review of these Rules of Evidence.  "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence is inadmissible.  Relevant evidence, however, is generally admissible, unless a statute or the Rules of Evidence provide otherwise.  *See* Fed. R. Evid. 402.  Relevant evidence may also be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, past crimes, wrongs, and other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

Plaintiff cites the case of *Beverly v. Desmond Hotel & Conference Center*, No. 02-6712, 2004 WL 45467, at *2 (E.D. Pa. Jan. 7, 2004), where the court excluded evidence of various racial slurs made by the plaintiff's coworkers in an age discrimination case based on the employer's failure to promote the plaintiff.  In so doing, the court reasoned simply that "[r]ace is not an issue in this case."  *Id*. at *2.  Plaintiff contends in her Motion that she "brought claims for discrimination primarily on the basis of **gender**" (Br. 3 (emphasis in original)), thus making the same point that the court made in *Beverly*, that whatever racial issues there were, this case is not

about race.  We are not persuaded.

Plaintiff's Amended Complaint alleges sex discrimination by way of a hostile work environment.  (Am. Compl. Counts II & VI.)  However, she also takes issue with a coworker's "racist" remarks towards others in the workplace, such as referring to two Korean employees as "ping" and "pong."  (*Id.*  ¶¶ 18-19; *see also* SJ Opp. 6, ECF No. 29.)  According to Plaintiff, she reported the events giving rise to the alleged hostile environment, including the "ping" and "pong" comments, to management.  (Am. Compl. ¶ 20; Cagnetti Dep. 57-58, ECF No. 29-2.)  At her deposition, Plaintiff agreed that the racially derogatory comments "adversely affect[ed] her employment," and she testified that the comments "made [her] feel uncomfortable."  (Cagnetti Dep. 58.)  Plaintiff has thus bolstered her *sex*-based hostile work environment claim with evidence of *race* or *national origin* discrimination towards others.  She may do this because instances of workplace discrimination that are not specifically targeted at a plaintiff or his or her protected status are still probative of the overall hostile environment.  *See Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997) (holding that trier of fact should determine whether, in light of "the incidents relating to other minorities and those occurring before [plaintiff's] tenure," "the incidents [plaintiff] experienced more directly 'would reasonably be perceived, and [were] perceived, as hostile or abusive'" (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993))); *Minevich v. Spectrum Health-Meier Heart Ctr.*, 1 F. Supp. 3d 790, 801 (W.D. Mich. 2014) (holding that "evidence of national origin harassment is relevant to hostile work environment claims based on gender.  While not dispositive, those incidents contribute to the overall hostility of the working environment and are part of the totality of the circumstances the court should consider."); *Dantzler-Hoggard v. Graystone Academy Charter Sch.*, No. 12-536, 2012 WL 2054779, at *7 (E.D. Pa. June 6, 2012) (stating that "[o]f course, 'incidents involving employees

other than the plaintiff are [also] relevant in establishing a generally hostile work environment'" (quoting *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987))); *Lake v. AK Steel Corp.*, No. 03-517, 2006 WL 1158610, at *41 (W.D. Pa. May 1, 2006) (holding that "[t]he cumulative and exacerbating effects of the harassment experienced by all minority workers may be considered where there is evidence that the plaintiff was aware of or familiar with the hostile events experienced by the others"); *Sidari v. Orleans Cnty.*, 169 F. Supp. 2d 158, 164 (W.D.N.Y. 2000) (holding that "evidence of racial harassment could be used by a plaintiff to bolster a claim of sex-based hostile working environment, and vice versa"; "other incidents of discrimination could reasonably have exacerbated the harassment which plaintiff personally experienced"); *Gooden v. Timpte, Inc.*, No. 99-795, 2000 WL 34507333, at *10 (D. Colo. June 29, 2000) (collecting cases).

      Had Plaintiff not raised the issue of race, the probative value of her alleged Racial Slur would be diminished and the danger of "confusing the issues" would be heightened. *See* Fed. R. Evid. 403. However, it was Plaintiff who injected race into this matter, and, in particular, into her hostile work environment claim. To succeed on that claim, Plaintiff must prove that the discrimination about which she complains "detrimentally affected [her]" and that "the discrimination would detrimentally affect a reasonable person in like circumstances." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Plaintiff's own use of a racial slur is probative on these issues. Indeed, the jury may question whether and to what extent Plaintiff was actually offended by the allegedly abusive workplace environment if she was using racial slurs herself, thus contributing to the hostile environment about which she now complains. *See Balletti v. Sun-Sentinel Co.*, 909 F. Supp. 1539, 1547 (S.D. Fla. 1995) (holding that "the court may consider whether the plaintiff participated in the very conduct of which she complains. Where a

plaintiff's action in the work place shows that she was a willing and frequent participant in the conduct at issue, courts are less likely to find that the conduct was 'unwelcome' or 'hostile.'" (collecting cases)); *Pena v. Ingham Cnty. Road Comm'n*, 660 N.W.2d 351, 355 (Mich. App. 2003) (holding that "in a hostile work environment claim, a plaintiff's engaging in conduct similar to that complained of is relevant to a proper determination whether the plaintiff was subjected to an unlawfully hostile work environment. This same conclusion has been reached by the federal courts that have considered this issue under Title VII." (internal citation omitted) (collecting federal cases)). As the court in *Pena* reasoned, "if the plaintiff himself sees fit to utilize discriminatory language or commit discriminating acts in the workplace, the jury should be apprised of that fact to determine how that plaintiff would reasonably perceive his work environment when he is the recipient of the same or similar conduct." 660 N.W.2d at 355-56 (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 69 (1986)).

Finally, Plaintiff vehemently denies making the Racial Slur and otherwise challenges the veracity of Cillo's testimony about the Racial Slur. These are issues for the jury to decide. *See Frazier v. City of Philadelphia*, --- F. Supp. 3d ---, No. 17-5421, 2020 WL 897698, at *13 (E.D. Pa. Feb. 26, 2020) (noting that "assessments of credibility amongst competing narratives of events … are quintessential issues for the jury").[1]

---

[1] As we explained, Plaintiff cites to Rule 404(b) in support of her Motion. We do not see the relevance of Rule 404(b), as there is no indication that Juniper Village is attempting to show that Plaintiff acted in accordance with her alleged past use of the Racial Slur. *See* Fed. R. Evid. 404 note (noting that under Rule 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it.").

The Motion will be denied.  An appropriate order follows.

**BY THE COURT:**

**/s/ R. Barclay Surrick**
**R. BARCLAY SURRICK, J.**